**Guo Long ZHOU Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 04–3229–AG(NAC).**

United States Court of Appeals,
Second Circuit.

Dec. 21, 2005.

Yan Wang, New York, NY, for Petitioner.

Wesley D. Wedemeyer, Assistant United States Attorney (James G. Martin, United States Attorney for the Eastern District of Missouri, on the brief), United States Attorney's Office for the Eastern District of Missouri, St. Louis, MO, for Respondent.

PRESENT: JON O. NEWMAN, DENNIS JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

SUMMARY ORDER

Guo Long Zhou ("Zhou"), a native and citizen of the People's Republic of China ("China"), petitions for review of a May 12, 2004 decision of the BIA, affirming a February 3, 2003 oral decision of an immigration Judge ("IJ") that had denied petitioner's application for asylum, withholding of removal to China, and protection under Article 3 of the United Nations Convention Against Torture ("CAT").[1] Zhou alleges that his wife was forcibly sterilized by Chinese authorities and that, pursuant to *Matter of C–Y–Z–*, 21 I & N Dec. 915 (BIA 1997), he suffered past persecution "on account of political opinion." The IJ made detailed adverse credibility findings with regard to Zhou's testimony and, on that basis, denied his application. We assume the parties' familiarity with the facts and procedural history of the case.

Where, as here, the BIA declines to adopt portions of an IJ's reasoning, but affirms the IJ's decision in every other respect, we review "the judgment of the IJ as modified by the BIA's decision—that is, minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). We review an IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B) ("[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary . . . ."); *see also Jin Hui Gao v. U.S. Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005) ("Our review of the IJ's credibility finding is highly deferential."); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 (2d Cir.2004) ("[W]e will not disturb a factual finding if it is supported by reasonable, substantial, and probative evidence in the record when considered as a whole.") (internal quotation marks omitted).

The IJ provided specific, cogent reasons for his adverse credibility finding, including (1) finding implausible petitioner's testimony that his wife was able to remain in hiding for over a year despite allegedly being the target of repeated visits by Chinese family planning officials—all without severe consequence to petitioner during this period; (2) finding not credible petitioner's assertion that family planning officials would allow his wife to adopt a child after having been the subject of forced sterilization and having recently gone into hiding; and (3) finding implausible petitioner's assertion that his family remained in hiding between 1997 and 2000, in light of his maintaining a living as a farmer, securing medical treatment for his family,

1. United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, Apr. 18, 1988, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85, G.A. Res. 39/46, 39th Sess., U.N. GAOR Supp. No. 51, at 197, U.N. Dec. A/39/51 (1984).

and enrolling his children in local schools during that time period.

While an IJ's credibility determination will not satisfy the substantial evidence standard if it is based on flawed reasoning, speculation, or conjecture, *Secaida–Rosales*, 331 F.3d at 307, 312, we may nonetheless affirm an adverse credibility finding even when the IJ's reasoning is deficient in certain respects, provided that any errors, considered in the context of the entire record, do not leave us in doubt as to whether the IJ would adhere to his decision if we were to remand. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391 (2d Cir.2005). Because we agree with the BIA that any deficiencies in the IJ's reasoning are, in effect, harmless, we deny the petition for review.

Finally, we hold that, in light of its adverse credibility finding, the IJ correctly determined that Zhou also failed to meet his burden under the more stringest test for withholding of removal, and that he did not demonstrate that "it is more likely than not that he would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2); *see also Wang v. Ashcroft*, 320 F.3d 130, 133 (2d Cir.2003).

\* \* \* \* \* \*

We have reviewed Zhou's remaining arguments and they are without merit. Accordingly, we DENY Zhou's petition, as well as Zhou's pending motion for a stay of removal.